UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANA GAVRILIS<br>　　Plaintiff<br>v.<br><br>BENJAMIN MORRIS<br>　　Defendant | CASE NUMBER<br><br>JURY TRIAL DEMANDED<br><br>MAY 1, 2009 |

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1602k, 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Plaintiff, Diana Gavrilis, is a natural person residing in Rocky Hill, Connecticut.

4. Defendant, Benjamin Morris, is a debt collector within the meaning of the FDCPA.

5. On May 2, 2008, Morris mailed Plaintiff a letter in an effort to collect an alleged debt.

6. Morris falsely stated that the company Morris owns, Cuda & Associates, LLC, had purchased the alleged debt.

7. Cuda had not purchased the account on or before May 2, 2008.

8. Cuda, represented by Benjamin Morris, who is an attorney licensed to practice in Connecticut, brought suit against Plaintiff in June, 2008 to collect the alleged debt.

9. On March 17, 2009, after trial, Plaintiff entered into a stipulated judgment with Cuda.

10. Plaintiff agreed to pay a certain amount and the Court ordered that no post-judgment interest shall accrue on the judgment amount so long as Plaintiff continued to make timely payments on the debt.

11. Nevertheless, Morris wrote to Plaintiff on March 17, 2009 enclosing a judgment lien that identifies the amount of the judgment debt "plus interest thereon."

12. Further, Morris wrote directly to Plaintiff although she was represented by counsel regarding the Cuda debt. Morris knew that Plaintiff was represented by counsel because Plaintiff was represented by counsel at the trial relating to the debt and at no time did Plaintiff or her counsel indicate to Morris that she was not represented.

## FIRST COUNT

13. Morris' statement in his May 2, 2008 letter to Plaintiff that Cuda had purchased the debt when it had not was a false statement made in violation of the FDCPA, 15 U.S.C. § 1692e.

14. Morris is liable to Plaintiff for her damages under the FDCPA.

## SECOND COUNT

15. The judgment lien signed by Morris indicating that the debt also included post-judgment interest was a false statement in violation of the FDCPA, 15 U.S.C. §§ 1692e(1) and (2).

16. The filing of the judgment lien that contained a false statement also violated the FDCPA, § 1692e(8).

17. Morris is liable to Plaintiff for her damages under the FDCPA.

## THIRD COUNT

18. Morris' direct communication with Plaintiff by way of his letter to her in March, 2009 when he knew she was represented by counsel was a violation of the FDCPA, 15 U.S.C. § 1692c(c).

19. Morris is liable to Plaintiff for her damages under the FDCPA

WHEREFORE, Plaintiff seeks such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages of up to $1,000 for each violation of the FDCPA by Defendant; costs of suit and a reasonable attorney's fee; declaratory and injunctive relief; and any such other relief as may apply at law or at equity.

PLAINTIFF, DIANA GAVRILIS

By:_____
Sarah Poriss
Sarah Poriss, Attorney at Law, LLC
PO Box 370131
West Hartford, CT  06137
Ph. 860-593-1758
Fax 866-424-4880
sarahporiss@prodigy.net
Fed. Bar No. 24372